UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOR AGHABEKYAN, et al.,

      Plaintiffs,

                                             Case No. 1:25-cv-497

v.

                                             Hon. Hala Y. Jarbou

CHRISTOPHER KNIGHT, et al.,

      Defendants.

_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

Plaintiffs Gor Aghabekyan and Armtruck Transport, LLC, bring this lawsuit against Defendants Christopher Knight and US Motors Corp (USMC).  Plaintiffs allege that Defendants committed conversion and breach of contract by retaining possession of a 2021 Kenworth T880 semi-truck after the expiration of their lease.  Defendant USMC did not respond to the complaint and the Clerk of Court entered default against it on June 18, 2025 (ECF No. 15).  Plaintiffs moved for default judgment against USMC on July 15, 2025 (ECF No. 18).  Before the Court is the magistrate judge's report and recommendation (R&R) that the Court deny the motion for default judgment (ECF No. 29).  Plaintiffs have filed objections (ECF Nos. 34, 35).  For the reasons explained below, the Court will overrule the objections and deny Plaintiffs' motion.

The magistrate judge recommended denying the motion for several reasons that Plaintiffs address in their objections.  But it is unnecessary to consider the objections because the Court will deny the motion on a different basis: it is not clear that the Court has personal jurisdiction over USMC.  A judgment entered without personal jurisdiction over a defendant is void, so the Court should determine whether it has personal jurisdiction before entering a default judgment. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment

is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[W]e agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."); *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) (same).

Personal jurisdiction may be general or specific.  General personal jurisdiction over a corporation exists in its state of incorporation and its principal place of business.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Michigan courts do not have general personal jurisdiction over USMC because the company is incorporated in and has its principal place of business in Wyoming.  (Am. Compl. ¶ 4, ECF No. 5.)  Specific personal jurisdiction exists if a corporation has "minimum contacts" with a state that are related to the cause of action.  *Daimler*, 571 U.S. at 126–27.  Plaintiffs cannot establish specific personal jurisdiction because they do not allege any connection between USMC and Michigan.  For example, they do not allege that the contracts at issue in the case were executed or performed in Michigan or that the allegedly converted truck is in, or has ever been in, Michigan.  They do allege that "a substantial part of the events or omissions giving rise to the claims occurred in this District" (Am. Compl. ¶ 7), but this statement is far too vague to establish personal jurisdiction over USMC in Michigan.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF Nos. 34, 35) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the disposition proposed by the R&R (ECF No. 29) is **APPROVED** for the reasons set out above.  The Court does not adopt the reasoning of the R&R.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment (ECF No. 18) is **DENIED**.


Dated: February 27, 2026                           /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE